UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JONATHAN ALLEN,

    Petitioner,

v.   CIVIL ACTION NO. 5:19-cv-00277

WARDEN D.L. YOUNG,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 2], filed April 15, 2019. Also pending are the Petitioner's Application to Proceed without Prepayment of Fees [Doc. 1] and Motion to Compel Judgment [Doc. 31]. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on March 16, 2020. Magistrate Judge Tinsley recommended that the Court find that Mr. Allen is not entitled to habeas corpus relief on his claim, deny the Petition, and dismiss the action. Mr. Allen timely mailed his objections on March 28, 2020 [Doc. 33].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Failure to file timely objections constitutes a waiver of de novo review and the

Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Allen objects to the Magistrate Judge's determination that the relief he seeks is not cognizable in a habeas petition. Specifically, Mr. Allen contends that he is not seeking a change in the location of his confinement, but a "quantum change" in custody cognizable under § 2241. Mr. Allen asserts that the Bureau of Prisons wrongly considered a paragraph in his presentence report that indicated he had previously absconded from community confinement and, as a result, he obtained a higher security level. Mr. Allen argues that he "has a right not to have erroneous information in a PSR used to deny him fair consideration for favorable prison programs." [Doc. 26 at 3]. In his petition, Mr. Allen specifically alleged that the "erroneous escape point lengths [sic] my time in prison because I must be in a Medium rather than a low where I can receive additional halfway house and/home confidment [sic]." [Doc. 2 at 6].

Our Court of Appeals has not yet held in a published opinion whether "condition-of-confinement" claims are cognizable in habeas proceedings but has determined in several unpublished opinions that such claims are not. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019); *Rodriguez v. Ratledge*, 715 F. App'x 261, 265–66 (4th Cir. 2017) (holding that prisoner's challenge of transfer to a maximum security penitentiary is not cognizable in a § 2241 petition and noting "courts have generally held that a § 1983 or *Bivens* action is the appropriate

2

means of challenging conditions of confinement"); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014). As the Court noted in *Wilborn*, this accords with the position taken by a majority of the federal courts of appeal. *Wilborn*, 795 F. App'x at 164 ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition.").

On review, the Court concludes that the Magistrate Judge did not err in determining that Mr. Allen does not present a cognizable § 2241 claim. Indeed, assuming the BOP improperly assessed his security level, Mr. Allen would be designated, at most, "low security" and thus would be eligible for "out custody" and "in custody," BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification, Ch. 1. p. 2, just as is available for "medium security." Community confinement is expressly available for those designated "minimum security," the very lowest security designation. *Id.* at p. 3.

Further, the decision whether to release an inmate into community confinement, halfway house, or other similar program has been vested in the BOP by Congress. Thus, the Court can neither order that the BOP affirmatively exercise that discretion nor conclude that the length of Mr. Allen's confinement would be lessened or subject to a "quantum change" if the Court was to determine Mr. Allen's security level was improperly calculated. Rather, Mr. Allen's direct challenge is only to the conditions of his confinement, although, ultimately, he could receive additional privileges as a result of a successful challenge. As such, the Court concludes that Mr. Allen's claim is not cognizable under § 2241.

Next, Mr. Allen objects to the Magistrate Judge's failure to resolve (1) disputes over the validity of a reference in his presentence report to a prior incident of absconding from a community confinement center, and (2) the Bureau of Prisons' use of that reference in computing

his security level. Upon review, the Court concludes the Magistrate Judge did not err in addressing issues that were not necessary for resolution.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 23**], **DISMISSES** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 2**], and **DISMISSES** the case.

Finally, on review, the Court **DENIES** the Petitioner's request for a certificate of appealability, inasmuch as no "substantial showing of the denial of a constitutional right" has been made. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party herein.

ENTERED: May 13, 2020



Frank W. Volk
United States District Judge